UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

HURGENES PIGNARD,

          Petitioner,

   -against-

UNITED STATES OF AMERICA,

          Respondent.

———————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/16

16 Cv 8727 (CM)
06 Cr. 718 (CM)

DECISION AND ORDER CONSTRUING MOTION FILED PURSUANT TO 28 U.S.C. § 2241
AS A MOTION ASKING FOR RELIEF PURSUANT TO 28 U.S.C. § 2255
AND TRANSFERRING CASE TO THE COURT OF APPEALS

McMahon, C.J.:

Petitioner, Hurgenes Pignard has filed multiple collateral attacks on his conviction,

including two prior § 2255 petitions. Although Pignard has filed the current petition pursuant to

§ 2241, the petition is in fact requesting relief properly made pursuant to § 2255. *See Adams v.*

*United States*, 372 F.3d 132, 136 (2d Cir. 2004).

Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to

challenge his detention, but the two sections offer relief for different kinds of perceived wrongs.

Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the

U.S. Constitution or the laws of the United States; or (2) was entered by a court without

jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law;

or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. The Court of Appeals has

held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of

his sentence. *See Adams*, 372 F.3d at 134; *Chambers v. United States*, 106 F.3d 472, 474 (2d

Cir.1997). Most notable for this case, a prisoner's second or successive § 2255 motion will not

Copies mailed/faxed/handed to counsel on 12/2/16

be allowed to proceed unless the motion is certified by a panel of an appropriate court of appeals to contain: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b).

Section 2241 by contrast is the proper means to challenge the execution of a sentence. *See Adams*, 372 F.3d at 135. In a § 2241 petition, "a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." *See id.; Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). In addition, § 2241(c) (3) also grants federal courts authority to entertain habeas petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States."

The Court of Appeals has concluded that "[t]his language—[violating the U.S. Constitution or laws]—appears to create an overlap between § 2255 and § 2241. But we have ruled that federal prisoners generally must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or laws." *Adams*, 372 F.3d at 135; *Jiminian*, 245 F.3d at 147; *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir.1997).

Pignard concedes that—because of his prior petitions—he does not satisfy Section 2255's gate-keeping provision, but insists that he satisfies an exception to it. The exception permits a prisoner to file a motion under § 2241 to test the legality of his detention when § 2255 is inadequate or ineffective to challenge his detention. *See* 28 U.S.C. § 2255, ¶ 5; *see also Triestman*, 124 F.3d at 373. In *Triestman*, the Court of Appeals held that § 2255 may be

2

inadequate or ineffective in circumstances where a prisoner cannot avail himself of § 2255, and when the failure to obtain collateral review raises serious constitutional questions. *See* 124 F.3d at 377. In *Jiminian*, the Court of Appeals added a corollary to this holding, ruling that § 2255 is not inadequate or ineffective simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition. *See* 245 F.3d at 147-48.

Pignard does not satisfy the exception for filing a § 2241 petition in lieu of a § 2255 motion. His petition does not raise serious constitutional questions because he has not alleged actual innocence and his argument concerning a minor role adjustment could have been raised in prior proceedings. *See Adams*, 372 F.3d at 135-36.  Indeed, Pignard has previously challenged other issues concerning the computation and fairness of his Guidelines range. To the extent that there has been an amendment to Section 3B1.2 of the Guidelines, a court must "sentence under the guideline provision in effect on the date of sentencing." *Rodriguez-Alonso v. United States*, 807 F. Supp. 21, 22 (E.D.N.Y. 1992) (finding that petitioner's Section 2255 petition failed because it sought a sentence reduction due to a recent USSG amendment); *see also Rodriguez-Mendola v. United States*, 478 Fed. Appx. 808, 809 (5th Cir. 2012) (holding that the retroactivity of a guidelines amendment is irrelevant to the question of whether a petitioner may eschew filing a Section 2255 petition in favor of a Section 2241 petition).

The Court concludes that Pignard's present motion is a second (or more accurately, a third) or successive § 2255 petition.  Accordingly, the case is transferred to the Court of Appeals to determining whether to certify Pignard's latest § 2255 motion.

This constitutes the decision and order of the Court.

December 2, 2016

Colleen McMahon
Chief Judge

By First Class Mail to Petitioner

By ECF to Governm